**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Wiltcher, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>MetLife Bank, NA, a Texas corporation dba MetLife Home Loans; Freddie Mac, a Virginia corporation; Quality Loan Service, a California corporation,<br><br>Defendants. | No. CV-12-02603-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss of Defendants MetLife Bank ("MetLife") and Freddie Mac (Doc. 10), joined by Defendant Quality Loan Service ("QLS") (Doc. 17). For the reasons discussed below, the Motion to Dismiss is granted.

Defendant Sandra Wiltcher, a pro se plaintiff, filed her Complaint in this Court on December 7, 2012. (Doc. 1.) On January 18, she filed an "Application for Entry of Default" against all three Defendants. (Doc. 7.) In it, she stated that she served Defendants "through the Court-ordered methods pursuant to Fed. R. Civ. P. 4(f)(3)." (*Id.* at 1.) She attached three signed proofs of receipt through the U.S. Postal Service to the Application. (Doc. 7-A.) She did not file an affidavit of proof of service.

Defendants MetLife and Freddie Mac now move to dismiss on the ground of lack of jurisdiction, arguing that Wiltcher failed to properly serve them. Defendant QLS joins their Motion to Dismiss and argues additionally that it is entitled to dismissal for failure to state a claim. Wiltcher filed no Response to the Motion to Dismiss.

All three Defendants are corporate entities. Rule 4(h) requires corporations to be served in one of two ways. First, the plaintiff may deliver a copy of the summons and complaint to an officer, manager, general agent, or other agent authorized to receive process, and also mail a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1)(B). Alternatively, the plaintiff may serve a corporate defendant in the manner prescribed for serving individuals, which permits service by following state law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1). Here, the district court is located in Arizona, and Defendants were served in California, Virginia, and Texas.

Under the Arizona Rules of Civil Procedure, service may be made on a party outside of the state by mailing the summons and a copy of the pleading to the party and by filing an affidavit stating the details of the mailed service. Ariz. R. Civ. P. 4.2(c). Under California law, a party may be served by mailing by certified mail a copy of the summons and complaint, a form notice and acknowledgement, and a prepaid return envelope. Cal. Civ. Proc. Code § 415.30(a). Service is complete when the written acknowledgement of receipt of summons is executed, if the acknowledgement is thereafter returned to the sender. *Id.* § 415.30(c). In Texas, service may be made by certified mail, but the service must be made on an agent, which for corporations is either the president or a vice president of the corporation. Tex. R. Civ. P. 106, 107; Tex. Bus. Code Ann. § 5.255; *Sw. Sec. Services, Inc. v. Gamboa*, 172 S.W.3d 90, 93 (Tex. App. 2005). In Virginia, process must be served personally on any officer, director, or registered agent of a corporation. Va. Code Ann. § 8.01-299.

Wiltcher has failed to meet any of the above methods of proper service of process. She did not deliver the summonses and copies of the pleadings to officers or other agents of Defendants as required by federal law. She failed to file an affidavit making the required statements under Arizona law. She did not produce any evidence that she received written acknowledgement of receipt of summons from any of the Defendants, as required for service under California law. Her mailed summonses were each addressed to

the corporations generally, rather than to officers or registered agents, thus failing to meet the requirements of service under Texas and Virginia law.

However, the Ninth Circuit counsels "that the provisions of Rule 4 should be given a liberal and flexible construction." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). It set out a four-part test for determining whether to dismiss a case due to a pro se plaintiff's failure to comply with the personal service requirement. Dismissal is not required if "(a) the party to be personally served received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if the complaint were dismissed." *Packard v. Fed. Deposit Ins. Corp. (FDIC)*, 914 F.2d 1496 (9th Cir. 1990).

Here, the Defendants all received actual notice, as they have all filed motions in the pending action. No Defendant has asserted that it would suffer prejudice from the defect in service. However, because Wiltcher has failed to file any Response to the Motion to Dismiss, nothing before the Court establishes that she had a justifiable excuse for the failure to serve properly. Nor is there any indication that Wiltcher would be severely prejudiced by dismissal of her case. Moreover, the Court previously warned Wiltcher that a failure to respond to the Motion to Dismiss may result in the granting of the motion. (Doc. 15.) Wiltcher has not made a showing that her case merits being saved from dismissal despite her technical failure to comply with the requirements of Rule 4.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants MetLife Bank, NA and Freddie Mac (Doc. 10) and joined by Defendant Quality Loan Services is **GRANTED WITHOUT PREJUDICE**.[1]

/ / /

/ / /

/ / /

---

[1] To the extent that Defendant Quality Loan Services seeks a dismissal on other grounds, that motion is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **TERMINATE** this action.

Dated this 9th day of April, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge